J-S31014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON GORDON | |
| Appellant | No. 1684 EDA 2020 |

Appeal from the PCRA Order Entered August 27, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0000854-2015

BEFORE: STABILE, KING, and PELLEGRINI,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JANUARY 18, 2022**

Appellant Jason Gordon appeals from the August 27, 2020 order of the of the Court of Common Pleas of Philadelphia County ("PCRA court"), which denied his petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The facts and procedural history of this case are undisputed.[1] Briefly, following an abduction, Appellant was arrested and charged with multiple crimes. On November 30, 2015, Appellant entered an open guilty plea to aggravated assault, robbery, conspiracy, kidnapping, and possession of an

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Unless otherwise specified, these facts come from this Court's Memorandum Decision filed on July 30, 2018 in connection with Appellant's direct appeal. ***Commonwealth v. Gordon***, No. 469 EDA 2017, unpublished memorandum, at 1-2 (Pa. Super. filed July 30, 2018).

instrument of crime ("PIC").[2]  The trial court deferred sentencing to permit Appellant to aid the police in identifying his co-conspirators in exchange for a reduced sentence.  However, despite his stated desire to do so, Appellant failed to cooperate with the police.  Following several continuances, on August 18, 2016, the trial court sentenced Appellant to an aggregate term of 9 to 20 years' imprisonment, followed by a ten-year term of probation.  Immediately following sentencing, the trial court noted it would consider amending Appellant's sentence if he provided the police with accurate information regarding the identity of his co-conspirators.

Appellant filed a timely motion to reconsider his sentence.  In his motion, Appellant alleged he had information that would lead to the apprehension of a co-conspirator.  At a hearing on the motion, the detective assigned to Appellant's case noted that even if Appellant were willing to identify a co-conspirator, they would not consider using any information provided by Appellant due to his history of providing the police with inaccurate information in this matter.  Based upon this testimony, the trial court denied Appellant's motion.  Appellant appealed, challenging only the discretionary aspects of his sentence.  On appeal, a panel of this Court concluded that

---

[2] 18 Pa.C.S.A. §§ 2702(a)(1), 3701(a)(1)(ii), 903, 2901(a)(1), and 907(a), respectively.  The remaining counts were *nolle prossed*.

Appellant was not entitled to relief because he failed to raise a substantial question.[3] Appellant did not petition for allowance of appeal.

On May 28, 2019, Appellant *pro se* filed a PCRA petition, asserting a claim for ineffective assistance of counsel. Specifically, Appellant alleged that his plea counsel failed to interview alibi witnesses and, because of this failure, his plea was unknowing and involuntary. The PCRA court appointed counsel, who filed an amended petition. Following the issuance of a Pa.R.Crim.P. 907 notice, the PCRA court denied Appellant's petition on August 27, 2020. Appellant timely appealed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents a single issue for our review:

> [I.] Did the trial court commit error when it dismissed the PCRA claim that trial counsel was ineffective because counsel failed to interview and call defense alibi witnesses which had the effect of coercing [Appellant] into entering a guilty plea?

Appellant's Brief at 5.

"On appeal from the denial of PCRA relief, our standard of review requires us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." ***Widgins***, 29 A.3d at 819. As this Court has explained:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This

_____

[3] This Court also granted Appellant's counsel petition to withdraw under ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is de novo and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

When a petitioner asserts an ineffectiveness claim, he is entitled to relief if he pleads and proves that prior counsel rendered ineffective assistance of counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii). "To prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*). "A petitioner must prove all three factors of the "*Pierce*[4] test," or the claim fails." *Id.* Put differently, "[t]he burden of proving ineffectiveness rests with Appellant." *Commonwealth v. Chmiel*, 889 A.2d 501, 540 (Pa. 2005).

---

[4] *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987).

Instantly, Appellant's principal contention is that his plea counsel was ineffective in failing to interview certain alibi witnesses and that because of that failure, Appellant was coerced into pleading guilty.[5]

"In the context of a plea, a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea." *Commonwealth v. Orlando*, 156 A.3d 1274, 1281 (Pa. Super. 2017) (citations omitted); *see Commonwealth v. Johnson*, 875 A.2d 328, 331 (Pa. Super. 2005) (explaining that when asserting a claim of ineffectiveness of counsel in the context of a guilty plea, a defendant must show that plea counsel's ineffectiveness induced him to enter the plea), *appeal denied*, 892 A.2d 822 (Pa. 2015). To be valid, a plea must be voluntary, knowing, and intelligent. *Commonwealth v. Persinger*, 615 A.2d 1305, 1307 (Pa. 1992). To ensure these requirements are met, Rule 590 of the Pennsylvania Rules of Criminal Procedure requires that a trial court conduct a separate inquiry of the defendant before accepting a guilty plea. It first requires that a guilty plea be offered in open court. The rule then provides a procedure to determine whether the plea is voluntarily, knowingly, and intelligently entered. As the

---

[5] It is settled that by entering a guilty plea, a defendant waives his right to challenge on direct appeal all non-jurisdictional defects, except the legality of the sentence and the validity of the plea. *Commonwealth v. Luketic*, 162 A.3d 1149, 1159 (Pa. Super. 2017). Here, Appellant circumvents the jurisdictional restrictions applicable to a claim of failure to call an alibi witness by deftly couching the claim as one implicating the ineffectiveness of counsel.

Comment to Rule 590 provides, at a minimum, the trial court should ask questions to elicit the following information:

(1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he or she has the right to trial by jury?

(4) Does the defendant understand that he or she is presumed innocent until found guilty?

(5) Is the defendant aware of the permissible range or sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590, Comment.[6]  In **Commonwealth. v. Yeomans**, 24 A.3d 1044 (Pa. Super. 2011), this Court explained:

In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences.  This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea.  Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

**Yeomans**, 24 A.3d at 1047 (Pa. Super. 2011) (citation omitted).

---

[6] The Comment also includes a seventh question, which is applicable only when a defendant pleads guilty to murder generally.

- 6 -

> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy. . . . [A] defendant who elects to plead guilty has a duty to answer questions truthfully.

*Id.* "The law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily and intelligently made." *Commonwealth v. Yager*, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*) (citations and internal quotation marks omitted).

Here, our review of the written and oral colloquies reveals that Appellant's ineffectiveness claim lacks merit.[7] At the time of the colloquy, Appellant was 35 years old, had completed his bachelor's degree, and affirmed that he was able to read, write and understand English. Appellant denied being under the influence of drugs or alcohol or taking any medication. N.T., Guilty Plea, 11/30/15, at 15-17. Appellant agreed he could face a maximum prison term of 85 years and a maximum fine of $110,000. Appellant further agreed that by pleading guilty he also was giving up his pretrial rights. Appellant also agreed that he understood the consequences of relinquishing his right to a trial by a judge or a jury and that at trial he would be presumed innocent until proven guilty by the Commonwealth beyond a reasonable

---

[7] As the PCRA court explained, "[t]he record confirms [Appellant] entered a guilty plea, executed a written guilty plea colloquy, and underwent a thorough oral guilty plea colloquy with the court." PCRA Court Opinion, 3/26/21, at 3.

doubt. Moreover, Appellant agreed that by pleading guilty he would be giving up his right to trial and accepting limited appeal rights following imposition of sentence. *Id.* at 19-20. Appellant agreed that his lawyer could not stop him from going to trial. *Id.* at 18. He affirmed that he was pleading guilty on his own volition and that he understood the terms and consequences of doing so. Appellant further stated that no one promised or threatened him to plead guilty. Appellant agreed that he has had sufficient time to discuss the terms of the plea with his counsel and that he was **satisfied** by his counsel's representation in this case. *Id.* Finally, Appellant agreed to the Commonwealth's facts supporting the listed charges. At the guilty plea colloquy, the Commonwealth stated that on the night of December 21, 2014, at about 10:30 p.m., when the victim pulled into his driveway on Daphne Road in Philadelphia, a black minivan equipped with police lights pulled up behind him in his driveway. *Id.* at 20-21. Four men wearing masks and tactical vests got out of the van and dragged the victim into the van. *Id.* at 21. The van drove off, with two additional vehicles following it. *Id.* Two neighbors, one of whom was a captain with the Warrant Unit of the Philadelphia Sheriff's Department, observed the abduction and called 911. *Id.* at 21-22. Appellant and his co-conspirators drove the victim to a warehouse on the 700 block of Chew Avenue. *Id.* at 23. They called the victim's cousin and repeatedly demanded ransom money of between $10,000.00 and $100,000.00. *Id.* at 22. During the course of the incident, the assailants beat and pistol whipped

the victim repeatedly. *Id.* at 25-26. They pulled a plastic bag over the victim's head and told him that he was going to die. *Id.* at 26.

Police interviewed the victim's cousin, who gave a statement. While the cousin was being interviewed, Appellant and his co-conspirators continued to call the cousin on his cell phone. *Id.* at 22. They sent a text message to the cousin stating "game over." *Id.* at 23. Following the issuance of a warrant, police traced the cell phone used to make the ransom demands to the 700 block of Chew Avenue, where they arrested Appellant. *Id.* at 23-24. At the warehouse, the police also recovered and secured the black minivan, bulletproof vests with Velcro police stickers on them, a radio scanner, a BB gun equipped with a silencer, and a taser. *Id.* at 24-25. Also, inside the warehouse, the police found the victim bound, duct taped and gagged with a plastic bag over his head. *Id.* at 26. The assailants took $26 from the victim's pockets during the incident. *Id.*

The trial court asked Appellant whether he agreed with the foregoing facts of the case, as summarized by the Commonwealth, and Appellant responded.

> [Appellant:] I mean, Your Honor, I plead guilty. Not exactly how [the Commonwealth is] stating, but those things did occur.
>
> [The Trial Court:] Well, the things that are important are, did you have an agreement with a couple of other people to do this? That's conspiracy.
>
> [Appellant:] Your Honor, I was aware of certain things that happened, but to say I planned this with someone, I did not. But I am taking full responsibility for my actions in this, my involvement.

[The Trial Court:] Well, conspiracy doesn't require that you have an agreement on all the exact details. But there has to be some basic agreement that you're going to commit a crime, and then you go off and commit the crime together. In this case, taking a man from his driveway and holding him for ransom, beating him up in the process, taking some of his property. That's what you're pleading guilty to. Do you understand that's what you're pleading guilty to?

[Appellant:] Yes, sir, Your Honor.

*Id.* at 30-31. Appellant affirmed that he committed each crime for which he was pleading guilty and that his decision to plead guilty was final.

Thus, based upon our review of the record, Appellant's claim that his guilty plea was involuntary, unintelligent, or unknowing because his plea counsel failed to interview or call alibi witnesses lacks merit and is belied by his oral colloquy. As the PCRA court aptly reasoned, Appellant "cannot now blame counsel for his decision to plead guilty, as it was an informed and intelligent plea." *See* PCRA Court Opinion, 3/26/21, at 3. "Nothing in the record indicates that [plea] counsel influenced [Appellant] to enter an involuntary or unknowing plea, and [Appellant] denied as much." *Id.* Critically, Appellant is bound by the statements he made at the time of his guilty plea. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (A defendant is bound by the statements made during the plea colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pleaded guilty). Accordingly, Appellant's ineffectiveness claim lacks merit and he is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/18/2022</u>